# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA KAVANAGH,<br><br>                  Plaintiff,<br><br>v.<br><br>JEFF TULLER; SAVVIER INC.; and SAVVIER LP,<br><br>                  Defendants. | Case No.: 16-cv-01937-H (BGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE**<br><br>[Doc. No. 23.] |

On March 1, 2017, Defendants Jeff Tuller, Savvier Inc., and Savvier LP filed a motion to dismiss Plaintiff Tina Kavanagh's first amended complaint. (Doc. No. 23.) On April 3, 2017, the Court took the matter under submission. (Doc. No. 25.) On April 10, 2017, Plaintiff filed a response in opposition to Defendants' motion to dismiss. (Doc. No. 29.) On April 21, 2017, Defendants filed a reply. (Doc. No. 30.) For the reasons below, the Court grants Defendants' motion to dismiss with prejudice.

## Background

In the present first amended complaint, Plaintiff alleges a single cause of action for misappropriation of trade secrets against the Defendants. (Doc. No. 22, FAC at 1.) Plaintiff's claim for misappropriation of trade secrets is based on her product called "Tummy Tuck," which she describes as a two-step method to achieve a flatter stomach of

1

first using a mixture of herbs and essential oils placed on the abdomen and then wrapping the area in tensor bandages. (Id. at 3.)

Plaintiff alleges that in October 2008, she began to market her "Tummy Tuck" product in Canada through word of mouth. (Id. at 4-5; see also Doc. No. 29 at 4.) Plaintiff further states that, in November 2010, she was featured on a local television program in order to market her product where she disclosed her product name, "Tummy Tuck," and her method of using herbs and essential oils with a tensor bandage. (Doc. No. 29 at 4; see also Doc. No. 22, FAC at 8.)

Plaintiff alleges that in August 2013, a client told her that she saw an infomercial for a "Tummy Tuck" product while she was vacationing in Florida. (Doc. No. 22, FAC at 6.) Plaintiff alleges that she began researching the product and discovered that Defendant Savvier Inc., Defendant Jeff Tuller's company, had been marketing a product called "Tummy Tuck." (Id.) Plaintiff alleges that Defendants' product uses the same name as her product and also utilizes a method similar to her product for slimming the abdomen. (Id.) Plaintiff explains that Defendants did not know the precise herbs and essential oils that she uses in her method. (Doc. No. 29 at 6-7.) Plaintiff alleges that an invention help company, Davison Design, in 2009 had previously told her that it would make a formal presentation of her product to Mr. Tuller. (Doc. No. 22, FAC at 5.)

On August 2, 2016, Plaintiff, proceeding *pro se*, filed a complaint against Defendants alleging state law causes of action for: (1) misappropriation of trade secrets; and (2) unjust enrichment. (Doc. No. 1.) On August 2, 2016, Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) On August 22, 2016, Plaintiff filed a new motion for leave to proceed IFP. (Doc. No. 5.)

On September 1, 2016, the Court granted Plaintiff's IFP motion, *sua sponte* reviewed the allegations in the complaint pursuant to 28 U.S.C. § 1915(e)(2), and declined to dismiss the complaint under 28 U.S.C. § 1915(e)(2). (Doc. No. 6.) On December 8, 2016, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 13.) On January 10, 2017, the Court granted

Defendants' motion and dismissed Plaintiff's complaint with leave to amend. (Doc. No. 18.)

On February 15, 2017, Plaintiff filed a first amended complaint alleging a single state law cause of action for misappropriation of trade secrets.[1] (Doc. No. 22.) By the present motion, Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's first amended complaint for failure to state a claim. (Doc. No. 23.)

## Discussion

### I. Legal Standards for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting

---

[1] The Court notes that Plaintiff has filed a prior complaint against the Defendants alleging a cause of action for misappropriation of trade secrets. On July 6, 2015, Plaintiff, proceeding *pro se*, filed a complaint against these same three Defendants, alleging a claim for misappropriation of trade secrets. Kavanagh v. Savvier Inc., No. 3:15-cv-01494-DMS-BGS, Docket No. 1 (S.D. Cal. July 6, 2015). On July 21, 2015, the Court in that action *sua sponte* dismissed Plaintiff's complaint without prejudice for failure to state a claim. Id., Docket No. 3. Therefore, the first amended complaint is Plaintiff's third attempt to properly allege a claim for misappropriation of a trade secret against the Defendants.

Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But a court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further, it is improper for a court to assume the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "'A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

**II. Analysis**

In the first amended complaint, Plaintiff alleges a single cause of action for misappropriation of trade secrets. (Doc. No. 22, FAC at 1.) Defendants argue that this claim should be dismissed because Plaintiff has failed to adequately allege that she had a protectable trade secret, and she has failed to adequately allege that Defendants misappropriated her purported trade secret. (Doc. No. 23 at 13-16.)

To state a claim for misappropriation of trade secrets under California's Uniform Trade Secrets Act ("UTSA"), a "plaintiff must plead two primary elements: (1) the existence of a trade secret, and (2) misappropriation of the trade secret." AccuImage Diagnostics Corp v. Terarecon, Inc., 260 F. Supp. 2d 941, 950 (N.D. Cal. 2003) (footnote omitted) (citing Cal. Civ. Code § 3426.1(b)); accord Pellerin v. Honeywell Int'l, Inc., 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012); see Sargent Fletcher, Inc. v. Able Corp., 110 Cal. App. 4th 1658, 1665 (2003) ("Under the UTSA, a prima facie claim for misappropriation of trade secrets requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff.").

California's UTSA defines the term "trade secret" as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) [d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d). "Thus, the definition consists of three elements: (a) information (b) which is valuable because unknown to others and (c) which the owner has attempted to keep secret." Abba Rubber Co. v. Seaquist, 235 Cal. App. 3d 1, 18 (1991). In order to adequately allege the existence of a trade secret, the plaintiff must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." Pellerin, 877 F. Supp. 2d at 988 (quoting Diodes, Inc. v. Franzen, 260 Cal. App. 2d 244, 253 (1968)); see Brescia v. Angelin, 172 Cal. App. 4th 133, 144 (2009); Imax Corp. v. Cinema Techs., Inc., 152 F.3d 1161, 1164 (9th Cir. 1998); MedioStream, Inc. v. Microsoft Corp., 869 F. Supp. 2d 1095, 1113 (N.D. Cal. 2012).

"Secrecy is an essential characteristic of information that is protectable as a trade secret." Altavion, Inc. v. Konica Minolta Sys. Lab. Inc., 226 Cal. App. 4th 26, 57 (2014).

"Public disclosure, that is the absence of secrecy, is fatal to the existence of a trade secret." In re Providian Credit Card Cases, 96 Cal. App. 4th 292, 304 (2002). "It is well established that [i]f an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished." Altavion, 226 Cal. App. 4th at 57 (quoting Providian Credit Card Cases, 96 Cal. App. 4th at 304) (internal quotation marks omitted).

Here, Plaintiff has failed to adequately allege the existence of a protectable trade secret that she owns and that was misappropriated by the Defendants. In the FAC, Plaintiff alleges that her trade secret is her product called "Tummy Tuck" that involves a two-step method to achieve a flatter stomach. (Doc. No. 22, FAC at 3.) The first step is "applying her mixture of herbs and essential oils to the skin of the abdomen area," and the second step is "wrap[ping] the said area with a tensor bandage." (Id.) But the name of her product and its overall two-step method cannot constitute trade secrets because Plaintiff admits that she has publicly disclosed both the method and the name of her product. In the first amended complaint, Plaintiff alleges that between October 2008 and October 2009, she began marketing and selling her product. (Doc. No. 22, FAC at 4-5; see also Doc. No. 29 at 4.) More importantly, Plaintiff concedes in her opposition that, in November 2010, she was featured on a local television program in order to market her product where she disclosed her product name, "Tummy Tuck," and her method of using herbs and essential oils with a tensor bandage. (Doc. No. 29 at 4; see also Doc. No. 22, FAC at 8.) Thus, neither the product name nor the overall method of using an herbal mixture placed on the abdomen and wrapped in bandages to achieve a flatter stomach can constitute a trade secret because Plaintiff has not taken efforts to keep them secret. Rather, she admits that she has disclosed them to the public through marketing and sales of her product which is "fatal to the existence of a trade secret."[2] Providian Credit Card Cases, 96 Cal. App. 4th at 304; see

---

[2] Further, even assuming the name of her product or the overall two-step method constitutes a trade secret, Plaintiff has failed to adequately allege that Defendants misappropriated those purported

6

16-cv-01937-H (BGS)

Altavion, 226 Cal. App. 4th at 57.

Moreover, Plaintiff states that she purchased the supplies used in the product, including the bandage, from a local pharmacy. (Doc. No. 22, FAC at 5.) Thus, the bandage aspect of the method cannot constitute a trade secret that is owned by Plaintiff.

Further, although the specific herb and essential oils mixture used in Plaintiff's method might constitute a trade secret, in her opposition, Plaintiff explains that Defendants do not know the precise herbs and essential oils that she uses in her method. (Doc. No. 29 at 6-7.) Therefore, even assuming her herb and essential oils mixture is a trade secret, Plaintiff concedes that Defendants never acquired that particular trade secret. In sum, Plaintiff has failed to adequately allege the existence of a trade secret that she owns and that was misappropriated by the Defendants.

Accordingly, Plaintiff has failed to adequately allege a cause of action for misappropriation of trade secrets against the Defendants and, therefore, this claim must be be dismissed. Moreover, the Court declines to grant Plaintiff leave to amend. Further

---

trade secrets. Specifically, Plaintiff fails to sufficiently allege that Defendants ever acquired her purported trade secrets through improper means. California's UTSA defines "misappropriation" as:

> (1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
>
> (2) Disclosure or use of a trade secret of another without express or implied consent by a person who . . . [u]sed improper means to acquire knowledge of the trade secret.

Cal. Civ. Code § 3426.1(b)(1), (2); see Whyte v. Schlage Lock Co., 101 Cal. App. 4th 1443, 1457 (2002); Be In, Inc. v. Google Inc., No. 12-CV-03373-LHK, 2013 WL 5568706, at *3 (N.D. Cal. Oct. 9, 2013).

In the FAC, Plaintiff alleges that an NDA she submitted to Davison Design contained the name of her product, "Tummy Tuck," and described her alleged two-step method. (Doc. No. 22, FAC at 3.) Plaintiff alleges that Davison Design discussed her product idea with Defendant Tuller. (Id. at 4.) Plaintiff further alleges that in November 2009, Davison Design told Plaintiff that it was going to formally present her product to "the investor," and later told her that "the investor" was no longer interested. (Id. at 5.) But Plaintiff fails to specifically allege that Davison Design ever actually did formally present her product to Tuller, and, more specifically, that Davison Design disclosed the information contained in the NDA to Tuller.

7

16-cv-01937-H (BGS)

amendment of Plaintiff's claim for misappropriation of trade secrets would be futile in light of Plaintiff's admissions in her first amended complaint and her opposition that she has publicly disclosed the name of her product and her method and that Defendants do not know the precise mixture of herbs and oils utilized in her method. In addition, the Court notes that this Court and the prior district court have previously explained to Plaintiff the deficiencies in her claim for misappropriations of trade secrets, and Plaintiff has failed to cure those deficiencies despite being given multiple chances to do so. Accordingly, the Court grants Defendants' motion and dismisses Plaintiff's claim for misappropriation of trade secrets with prejudice. See Telesaurus, 623 F.3d at 1003 (explaining that a court may dismiss a claim without leave to amend "if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies").

## **Conclusion**

For the reasons above, the Court grants Defendants' motion to dismiss and dismisses Plaintiff's first amended complaint with prejudice. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: April 26, 2017

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT